UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LANDMARK AMERICAN
INSURANCE COMPANY,

      Plaintiff,

v.                                             Case No:   2:16-cv-582-FtM-99CM

NORTH CAPTIVA ISLAND CLUB,
INC., JAKE SHALLOW, JANE
DOE #1 and JANE DOE #2,

      Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff and Defendants' Joint Motion to (1) Permit Landmark American Insurance Company's First Amendment of Complaint; (2) Permit Time for Defendants to File Responsive Pleadings Thereto, and (3) Extend Certain Dates with Respect to the Case Management Report (Doc. 37) filed on December 15, 2016.

On July 26, 2016, Plaintiff Landmark American Insurance Company ("Landmark") filed this declaratory judgment action for the purpose of determining a controversy between the parties with respect to an insurance policy issued by Landmark to Defendant, North Captiva Island Club, Inc. ("North Captiva"). Doc. 1. Landmark issued a Commercial General Liability Insurance Policy to North Captiva for the policy period September 22, 2015 to September 22, 2016. *Id.* ¶ 13. On or about June 9, 2016, Jane Doe #1 and Jane Doe #2 filed a personal injury lawsuit against North Captiva and Jake Shallow ("Shallow"), an employee of North Captiva,

in the case styled *Jane Doe v. North Captiva Island Club, Inc. and Jake Shallow*, Case No. 16-CA-002065, in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida ("the underlying action"). *Id.* ¶ 14. Landmark agreed to defend North Captiva and Shallow in the underlying action pursuant to a reservation of rights. *Id.* ¶ 15. In the instant action, Landmark seeks a judgment declaring that it has no duty to defend or indemnify North Captiva or Shallow with respect to the claims being asserted against them in the underlying action. *Id.* ¶ 2. Attached to Landmark's complaint seeking this relief is the original complaint filed in the underlying action. Doc. 1-2.

On or about October 28, 2016, Jane Doe #1 and Jane Doe #2 filed an amended complaint in the underlying action. Doc. 37-1. In response, North Captiva filed its Motion to Dismiss the first Amended Complaint or For a More Definite Statement ("Motion to Dismiss"). Doc. 37-2. On December 5, 2016, the circuit court in the underlying action heard oral argument relevant to the Motion to Dismiss and reserved ruling, taking the matter under advisement. Doc. 37-3. The parties now seek to stay this matter until the circuit court in the underlying action rules on North Captiva's Motion to Dismiss. Doc. 37 at 3. Landmark states that, in order to properly frame the issues in the instant action, it requires the operative complaint in the underlying action for purposes of determining coverage as to its duty to defend and duty to indemnify. *Id.* All Defendants join Landmark in seeking a stay of this case until a ruling on the Motion to Dismiss in order to ensure that the proper underlying complaint is part of the operative complaint in the instant action. *Id.*

The general rule in Florida is that an insurance company's duty to defend must be determined from the allegations of the complaint when compared to the insurance policy's terms and conditions. *Jones v. Florida Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 442 (Fla. 2005); *Nat. Union Fire Ins. Co. v. Lenox Liquors, Inc.*, 358 So.2d 533, 535 (Fla. 1977). "[W]hen an original complaint has been superseded by an amended complaint, the original complaint can no longer furnish a basis for determining the insurer's duty to defend." *Baron Oil Co. v. Nationwide Mut. Fire Ins. Co.*, 470 So. 2d 810, 815 (Fla. Dist. Ct. App. 1985). Here, the parties seek the stay in order to determine exactly what the allegations in the underlying complaint will be once the State circuit court rules whether to grant North Captiva's Motion to Dismiss. Once the court rules on that motion, Landmark seeks permission to file its first amended complaint to ensure that the operative complaint in the underlying action is part of the instant action.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 255. Here, upon review of the instant motion and the relevant legal authority, the Court finds it proper to stay this action until the State court in the underlying action rules on North Captiva's Motion to Dismiss. The Court will direct the parties to file a notice with

the Court within five days of the ruling on the Motion to Dismiss by the court in the underlying action.

Moreover, as the parties are aware, the Court held a preliminary pretrial conference in this matter on November 30, 2016. During the conference, the parties discussed the issue of whether this matter should be set for a jury or non-jury trial. Plaintiff requests a non-jury trial whereas Defendants request a jury trial. The Court was waiting for the responsive pleading from North Captiva regarding this issue before it issued its Case Management and Scheduling Order. Because the Court is staying this action, the Court will reserve filing a Case Management and Scheduling Order at this time until the stay is lifted. At that time, the Court will enter the appropriate order related to scheduling deadlines.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff and Defendants' Joint Motion to (1) Permit Landmark American Insurance Company's First Amendment of Complaint; (2) Permit Time for Defendants to File Responsive Pleadings Thereto, and (3) Extend Certain Dates with Respect to the Case Management Report (Doc. 37) is **GRANTED**;

2. This matter is stayed pending ruling by the Court in the underlying action on the Motion to Dismiss. The parties are directed to file a Status Report with the Court every thirty days from the date of this Order regarding the status of the ruling on the Motion to Dismiss in the underlying action. The parties are further

directed to file a Notice with the Court within five days from the date of the ruling on the Motion to Dismiss;

3. In the event the court in the underlying action denies the Motion to Dismiss, Landmark is permitted to file its first Amended Complaint within twenty (20) days of such ruling in order to ensure that the operative complaint in the underlying action is properly at issue in the instant action;

4. In the event the court in the underlying action grants the Motion to Dismiss with leave to amend, Landmark is permitted to file its first Amended Complaint within forty (40) days of such ruling in order to ensure that the operative complaint in the underlying action is properly at issue in the instant action;

5. Defendants shall file responses to Landmark's first Amended Complaint within twenty (20) days of its filing;

6. The Clerk is directed to add a stay flag to this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of December, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record